IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § | |
|     Interpleader-Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | NO.: _____ |
| | § | |
| JOAL, L.L.C.; CYNTHIA NUZZI, | § | |
| Individually, as Co-Executrix of the Estate of | § | |
| Alan Ziperstein a/k/a Alan J. Ziperstein, | § | |
| Deceased, and as Co-Trustee of The | § | |
| Ziperstein Family Trust; HOWARD | § | |
| ZIPERSTEIN, Individually, as Co-Trustee | § | |
| of The Ziperstein Family Trust, and as Father | § | |
| and Next Friend to M.Z., Z.Z., and B.Z.; | § | |
| JOANNE ZIPERSTEIN, Individually and as | § | |
| Co-Executrix of the Estate of Alan | § | |
| Ziperstein a/k/a Alan J. Ziperstein, | § | |
| Deceased; KEVIN ZIPERSTEIN, | § | |
| Individually and as Father and Next Friend | § | |
| to G.P.Z. and G.H.Z.; RACHEL NUZZI; | § | |
| JUSTIN NUZZI, Individually and as | § | |
| Guardian of Minor Children M.Z., Z.Z., | § | |
| B.Z., G.P.Z., and G.H.Z.; and FROST | § | |
| BANK, as Trustee of The Alan Ziperstein | § | |
| Marital Trust and The Ziperstein Property | § | |
| Management Trust; | | |
|     Claimant-Defendants. | | |

## COMPLAINT IN INTERPLEADER

Interpleader-Plaintiff Bank of America, N.A. (the "Bank") files this Complaint in

Interpleader (the "Complaint") under, *inter alia*, Rule 22 of the Federal Rules of Civil Procedure

and 28 U.S.C. § 1335, against Claimant-Defendants JOAL, L.L.C.; Cynthia Nuzzi, individually,

as co-executrix of the Estate of Alan Ziperstein a/k/a Alan J. Ziperstein, Deceased, and as co-

trustee of The Ziperstein Family Trust; Howard Ziperstein, individually, as co-trustee of The

Ziperstein Family Trust, and as father and next friend to M.Z., Z.Z., and B.Z.; Joanne Ziperstein,

individually and as co-executrix of the Estate of Alan Ziperstein a/k/a Alan J. Ziperstein, Deceased; Kevin Ziperstein, individually and as father and next friend to G.P.Z. and G.H.Z.; Rachel Nuzzi; Justin Nuzzi, individually and as guardian of minor children M.Z., Z.Z., B.Z., G.P.Z., and G.H.Z.; and Frost Bank, as trustee of The Alan Ziperstein Marital Trust and The Ziperstein Property Management Trust (together, the "Claimant-Defendants").

## PARTIES

1.       Interpleader-Plaintiff Bank of America, N.A. is a national banking association and is a citizen of and has its principal place of business in North Carolina.

2.       Claimant-Defendant JOAL, L.L.C. is a Texas limited liability company and is a citizen of Connecticut, which is the citizenship of its members, who are the co-trustees of the Ziperstein Family Trust (i.e., Cynthia Nuzzi and Howard Ziperstein), which Trust is the sole member of JOAL, L.L.C.  Claimant-Defendant JOAL, L.L.C. may be served with process by serving its registered agent for service of process, John E. Bakke, III at 8000 IH-10 West, Suite 1140, San Antonio, Texas 78239, or wherever he may be found.

3.       Claimant-Defendant Cynthia Nuzzi, individually, as co-executrix of the Estate of Alan Ziperstein a/k/a Alan J. Ziperstein, Deceased, and as trustee of The Ziperstein Family Trust, is an adult citizen of Connecticut and may be served with process at 108 Iron Gate Road, Stamford, Connecticut 06903, or wherever she may be found.

4.       Claimant-Defendant Howard Ziperstein, individually, as co-trustee of The Ziperstein Family Trust, and as father and next friend to M.Z., Z.Z., and B.Z., is an adult citizen of Connecticut and may be served with process at 5 Charter Ridge Drive, Sandy Hook, Connecticut 06482, or wherever he may be found.

2

5.      Claimant-Defendant, Joanne Ziperstein, is an adult citizen of New York and may be served with process at 57 McLane Court, Dix Hills, New York 11746-5507, or wherever she may be found.

6.      Claimant-Defendant Joanne Ziperstein, in her capacity as co-executrix of the Estate of Alan Ziperstein a/k/a Alan J. Ziperstein, Deceased, may be served with process by serving her resident agent for service of process, James Maverick McNeel at 112 East Pecan, Suite 1450, San Antonio, Texas 78205, or wherever he may be found.

7.      Claimant-Defendant Kevin Ziperstein, individually and as father and next friend to G.P.Z. and G.H.Z., is an adult citizen of Connecticut and may be served with process at 745 Long Hill Avenue, Shelton, Connecticut 06484, or wherever he may be found.

8.      Claimant-Defendant Rachel Nuzzi is an adult citizen of Connecticut and may be served with process at 241 Turkey Roost Road, Monroe, Connecticut 06468, or wherever she may be found.

9.      Claimant-Defendant Justin Nuzzi, individually and as guardian of minor children M.Z., Z.Z., B.Z., G.P.Z., and G.H.Z., is an adult citizen of Connecticut and may be served with process at 108 Iron Gate Road, Stamford, Connecticut 06903, or wherever he may be found.

10.      Claimant-Defendant Frost Bank, as trustee of The Alan Ziperstein Marital Trust and The Ziperstein Property Management Trust, is a Texas state financial institution and citizen of Texas, which may be served with process by serving its registered agent for service of process, Trey Banack at 111 West Houston Street, San Antonio, Texas 78205 or wherever he may be found.

## JURISDICTION AND VENUE

11.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1335(a)(1), as follows:

    a.     The Bank has in its custody or possession money or property of the value of $500 or more;

    b.     Two or more adverse claimants have diverse citizenship;

    c.     Two or more claimants are claiming, or may claim, entitlement to such money or property; and

    d.     The Bank is seeking to deposit such money or property into the registry of the Court contemporaneously with the filing of this Complaint.

12.     The Court also has subject-matter jurisdiction under 28 U.S.C. § 1332(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and such controversy is between a stakeholder and claimants of different states.

13.     The Court has personal jurisdiction over the parties under 28 U.S.C. § 2361, which provides for nationwide personal jurisdiction and service of process in interpleader actions brought under 28 U.S.C. § 1335.

14.     Venue is proper under 28 U.S.C. § 1397, as at least one of the Claimant-Defendants (i.e., Frost Bank, as trustee of The Alan Ziperstein Marital Trust and The Ziperstein Property Management Trust) resides in this judicial district, as set forth above.

15.     Venue is also proper under 28 U.S.C. § 1391 because the parties are litigating a contest in a Bexar County Probate Court, which is a substantial part of the events or omissions giving rise to the claim that occurred in this district.

## FACTS

16.     On or about January 31, 2006, Alan J. Ziperstein formed JOAL, L.L.C. ("JOAL"), a Texas limited liability company, registered with the Office of the Texas Secretary of State. *See* Certificate of Formation, attached as **Exhibit A**.

17.     At the time, Alan J. Ziperstein was the sole member and manager of JOAL.

18.     On or about March 21, 2006, JOAL opened a deposit account at the Bank, entitled "JOAL, L.L.C.," bearing account number *****4400 (the "JOAL Account").

19.     Alan J. Ziperstein was, and remains, the sole signatory for the JOAL Account. *See* Limited Liability Company Signature Card, attached as **Exhibit B**.

20.     Pursuant to the terms of that certain Trust Agreement dated May 2, 2006, and that certain Trust Agreement dated September 11, 2015, Alan J. Ziperstein created The Ziperstein Family Trust.  Under the terms of those certain Trust Agreements, Alan J. Ziperstein transferred a total of 15 units of JOAL to The Ziperstein Family Trust. *See* Trust Agreements, attached as **Exhibit C**.

21.     The Ziperstein Family Trust thereby became the sole member of JOAL, and the successor co-trustees of The Ziperstein Family Trust, who are Cynthia Nuzzi and Howard Ziperstein, appointed Cynthia Nuzzi and Howard Ziperstein co-managers of JOAL.

22.     On January 29, 2016, Alan J. Ziperstein died testate. At the time of his death, $421,744.28 remained on deposit in the JOAL Account, and those funds remain on deposit in the JOAL Account (the "Funds").

23.     On March 7, 2016, the Last Will and Testament of Alan J. Ziperstein was admitted to probate in Probate Court Number 1 of Bexar County, Texas, commencing the proceeding styled

*In re Estate of Alan Ziperstein, aka Alan J. Ziperstein, Deceased*, Cause No. 2016PC0575 (the "Probate Case"). *See* Letters Testamentary, attached as **Exhibit D**.

24.     Also on March 7, 2016, Letters Testamentary were issued to Cynthia Nuzzi and Joanne Ziperstein, Alan J. Ziperstein's spouse at the time of his death.  Both Cynthia Nuzzi and Joanne Ziperstein continue to serve as co-executrices of the Estate of Alan J. Ziperstein. *Id.*

25.     After the Probate Case was opened, JOAL approached the Bank, through its managers Cynthia Nuzzi and Howard Ziperstein, requesting that the Bank close the JOAL Account and disburse the Funds to JOAL.  At that time, the Bank had received no information and/or documentation evidencing that Alan J. Ziperstein had transferred his ownership interest in JOAL to The Ziperstein Family Trust or that Cynthia Nuzzi and Howard Ziperstein had been appointed managers.  Though JOAL maintained a business bank account, neither the transfer of membership interest to any party other than Alan J. Ziperstein, nor any record of the amount of membership interest issued to date, had been provided to the Bank.

26.     Subsequently, JOAL modified its request, asking the Bank to instead issue new signature cards to Cynthia Nuzzi and Howard Ziperstein, as managers of JOAL.

27.     At that time, the Bank still had not been provided with any information and/or documentation evidencing any transfer of any ownership interest in JOAL by Alan J. Ziperstein to The Ziperstein Family Trust or that Cynthia Nuzzi and Howard Ziperstein had been appointed managers, though documentation purporting to evidence such was later provided to the Bank upon further request.

28.     Notwithstanding the Bank's later receipt of documentation purporting to evidence the true ownership of JOAL as well as the parties possessing the authority to act as managers, in light of the pending Probate Case, in light of the absence of documentation evidencing the entirety

of the incumbency of JOAL, and in light of the conflicting requests made to the Bank by different parties acting in different capacities, the Bank requested that each of the relevant parties, namely, JOAL, its member (i.e., The Ziperstein Family Trust), its managers (i.e., Cynthia Nuzzi and Howard Ziperstein as co-trustees of The Ziperstein Family Trust), and Joanne Ziperstein and Cynthia Nuzzi, as co-executrices of the Estate of Alan Ziperstein, join together in order to mutually-request issuance of new signature cards to JOAL's managers.   Ultimately, Joanne Ziperstein refused to join in any mutual-request, and subsequently, the Bank received no response nor further inquiry from any of the aforementioned parties for nearly two years following such request by the Bank.

29.     In addition, Joanne Ziperstein, individually and as independent co-executrix of the Estate of Alan J. Ziperstein, commenced a contest in the Probate Case by filing (1) an Original Petition for Judicial Modification of the Alan Ziperstein Marital Trust, Rescission of Contracts and Declaratory Judgment, and (2) a Petition in Intervention for Judicial Modification of Alan Ziperstein's Last Will and Testament, which petitions were amended several times thereafter (together, the "Petitions").  Copies of the most recent Petitions (i.e., the second amended Petitions) are attached as **Exhibit E**.

30.     Among other things, the Petitions allege the following:

a.     Alan J. Ziperstein formed JOAL as a "significant portion of his estate plan," which company owned five real properties, including a cooperative apartment in New York City. *See* Second Amended Petition in Intervention for Judicial Modification of Alan Ziperstein's Last Will and Testament at ¶ 39, attached as **Exhibit E**.

b.  Alan J. Ziperstein intended that, after his death, Joanne Ziperstein would be entitled to use the real properties owned by JOAL for the remainder of her life rent free. *Id*. at ¶ 40.

c.  Alan J. Ziperstein formed The Ziperstein Property Management Trust, with Frost Bank serving as trustee, for the purpose of managing the real properties owned by JOAL. *Id*.

d.  The Last Will and Testament of Alan J. Ziperstein provided that Joanne Ziperstein would have the use of the real properties owned by JOAL during the remainder of her life. *Id*.

e.  Due to "unanticipated circumstances," Alan J. Ziperstein's instructions as to JOAL "did not work out." *Id*. at ¶. 41.

f.  Specifically, Cynthia Nuzzi and Howard Ziperstein, as trustees of The Ziperstein Family Trust, "control[led] the shares of ownership of [JOAL] in such a way as to effectively deny Joanne Ziperstein the use of the JOAL, LLC properties after Alan's death." *Id*.

31.  The Petitions further allege that Alan J. Ziperstein's entire estate planning was mishandled, and the Petitioners request that, among other things, the entirety of his assets be (a) transferred into an exemption trust to be created for the benefit of Alan J. Ziperstein's children and grandchildren, with the remainder to The Alan Ziperstein Marital Trust, of which Frost Bank is trustee, and of which Joanne Ziperstein is a beneficiary with Alan J. Ziperstein's children and grandchildren as remainder beneficiaries; or (b) transferred entirely into The Alan Ziperstein Marital Trust. *Id*. at ¶ 43.

32.     Relevant here, the Petitions named as parties, among others, Cynthia Nuzzi, individually and as co-executrix of the Estate of Alan Ziperstein a/k/a Alan J. Ziperstein, Deceased; Howard Ziperstein, individually and as father and next friend to M.Z., Z.Z., and B.Z.; Joanne Ziperstein, individually and as co-executrix of the Estate of Alan Ziperstein a/k/a Alan J. Ziperstein, Deceased; Kevin Ziperstein, individually and as father and next friend to G.P.Z. and G.H.Z.; Rachel Nuzzi; Justin Nuzzi, individually and as guardian of minor children M.Z., Z.Z., B.Z., G.P.Z., and G.H.Z.;  and Frost Bank, as trustee of The Alan Ziperstein Marital Trust.

33.     Thereafter, counsel to JOAL contacted the Bank's counsel via email, advising that a mediated settlement agreement had allegedly been entered into by and among the parties to the contest in January of 2020, which allegedly provides for certain of the Funds to be disbursed to unidentified parties in connection with the settlement.  A copy of that email is attached as **Exhibit F**.  Counsel to JOAL provided little to no information concerning the settlement—or the parties thereto—and simply advised that the settlement "puts all the more pressure on y'all. We need that money to reimburse people and then use for the settlement.  Please!"

### REQUEST FOR RELIEF

34.     The Bank incorporates the foregoing paragraphs as if set forth fully below.

35.     Interpleader under Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335 "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under [its] control a procedure to settle the controversy . . . in a single proceeding."   Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1704 (3d ed. Nov. 2019) (collecting cases).   The provisions of Rule 22 and § 1335 are liberally construed in favor interpleader. *F.D.I.C. v. Howse*, 802 F. Supp. 1554, n. 11 (S.D. Tex. 1992).  Indeed, interpleader is "available even though neither an action has been brought against nor a formal demand has been

made on the stakeholder by some or all of the potential claimants." Wright & Miller *supra* § 1707 (federal courts "allow statutory-interpleader actions despite the charge that the adverse claims are speculative or remote" and Rule 22 "clearly embraces prospective claims") (citing *Aetna Cas. & Sur. Co. v. Ahrens*, 414 F. Supp. 1235 (S.D. Tex. 1975); *Pan Am. Fire & Cas. Co. v. Revere*, 188 F. Supp. 474, 480 (E.D. La. 1960); *Onyx Refining Co. v. Evans Production Corp.*, 182 F. Supp. 253 (N.D. Tex. 1959)). "The primary test for determining whether interpleader is appropriate is 'whether the stakeholder . . . legitimately fears multiple vexation directed against a single fund." *Life Ins. Co. of N. Am. v. Hefner*, 2012 WL 13145556, at *2 (W.D. Tex. May 22, 2012) (quoting Wright & Miller *supra*, § 1704).

36.     This standard is satisfied here, as the Claimant-Defendants have or may assert competing claims to the Funds. Specifically,

> a.     Claimant-Defendant Joanne Ziperstein, individually and as co-executrix of the Estate of Alan J. Ziperstein, has commenced a contest alleging rights of access to, and possession of, the property owned by JOAL, requesting the probate court to, among other things, vest *all* estate assets into either (a) an exemption trust, with the remainder to The Alan Ziperstein Marital Trust; or (b) The Alan Ziperstein Marital Trust.

> b.     Claimant-Defendant Joanne Ziperstein is the beneficiary to The Alan Ziperstein Marital Trust, and the children and grandchildren of Alan J. Ziperstein (i.e., Claimant-Defendants Cynthia Nuzzi, Howard Ziperstein, Kevin Ziperstein, Rachel Nuzzi, Justin Nuzzi, M.Z., Z.Z., B.Z., G.P.Z., and G.H.Z.) are purported beneficiaries of the

proposed exemption trust, beneficiaries of The Ziperstein Family Trust, and remainder beneficiaries of The Alan Ziperstein Marital Trust.

c.    As alleged in the Petitions, Alan J. Ziperstein is alleged to have intended that The Ziperstein Property Management Trust was to manage the property of JOAL.

d.    Claimant-Defendant JOAL is the owner of the JOAL Account and approached the Bank, through its managers Cynthia Nuzzi and Howard Ziperstein, requesting that the Bank close the JOAL Account and disburse the Funds to JOAL.

e.    Counsel to JOAL contacted the Bank's counsel via email, advising that a mediated settlement agreement had allegedly been entered into by and among the parties to the contest in January of 2020, which allegedly provides for certain of the Funds to be disbursed to unidentified parties in connection with the settlement. Counsel to JOAL provided little to no information concerning the settlement— or the parties thereto—and simply advised that the settlement "puts all the more pressure on y'all. We need that money to reimburse people and then use for the settlement.  Please!"

37.    Accordingly, all Claimant-Defendants have an interest in how the property of JOAL, including the Funds, are ultimately handled through the Probate Case, the contest, the alleged mediated settlement agreement, or otherwise.

38.     As such, the Bank has a good-faith fear of multiple liabilities and is therefore entitled to interplead, particularly under the liberal application of Rule 22 and § 1335.

39.     In light of the Claimant-Defendants competing claims (which have been asserted or may be asserted) to the Funds, the Bank was required to retain the undersigned counsel to file this Complaint and otherwise protect the Bank's rights and interests, thereby incurring costs and attorney's fees and expenses.  The Bank has expeditiously filed this interpleader action in good faith, as a stakeholder, and is seeking to tender the Funds into the registry of the Court contemporaneously with the filing of this Complaint.  Thus, the Bank's costs and reasonable attorney's fees and expenses should be awarded within the sound discretion of the Court.  *E.g. Am. United Life Ins. Co. v. Haynes*, 2013 WL 12182050 (W.D. Tex. Oct. 3, 2013);  *see also* Wright & Miller *supra* § 1719 (citing *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976); *Gulf Oil Corp. v. Olivier*, 412 F. 2d 938 (5th Cir. 1969)).

40.     The Bank is seeking to tender the Funds in the registry of the Court contemporaneously with the filing of this Complaint.

**WHEREFORE**, Bank of America, N.A. respectfully requests that the Court:

A.     Discharge the Bank from the lawsuit and relieve it from all claims to the Funds;

B.     Permit the Bank to interplead the Funds described in this Complaint;

C.     Award the Bank its reasonable attorney's fees and costs incurred in bringing this Action;

D.     Adjudicate the competing claims of the Claimant-Defendants; and

E.     Enjoin each Claimant-Defendant from filing a suit in any other forum against the Bank relating to claims for the Funds.

12

Respectfully submitted,

**ADAMS AND REESE LLP**

_/s/ Evan A. Moeller_

By:     Evan A. Moeller
        Federal Bar No.: 664837
        State Bar No.: 24051067
        evan.moeller@arlaw.com
        1221 McKinney Street, Suite 4400
        Houston, Texas 77010
        (713) 652-5151 Office
        (713) 652-5152 Facsimile

***Attorney for Interpleader-Plaintiff
Bank of America, N.A.***